By the Court.—Sedgwick, J.
The action was for damage to plaintiff, from falling into an excavation made by defendant in Fourth avenue.
The facts were fully examined on the trial. The jury were instructed by an impartial and clear charge, to which but one exception was taken. That exception referred to the remarks of the judge as to plaintiff’s being intoxicated at the time of the accident, and the *459 manner in which the jury should treat intoxication on the point of contributory negligence. It is unnecessary to go into particulars to show that the judge was correct in the law of his charge. It would only be a defense of well-known, often-repeated, propositions.
There was a motion for a new trial on the judge’s minutes. No ground for a new trial was stated, and therefore it cannot be ascertained on this appeal even that the claim made was in its character (if well-founded) ground for a new trial under any circumstances. There was no preponderance of evidence on any point in favor of defendants that would have justified the judge in giving a new trial. There must, therefore, be an examination of che exceptions taken in the course of the trial.
The first was to the admission of a question : “Do you know anything about a party recovering a judgment of §5,000 before Judge Van Bruno? ? ” I have no doubt that the printed case does not fully show the circumstances of the admission of this question. Probably it was admitted on the ground that no injury could be done by its being answered, while it might serve as a key to the witness’ recollection of some material matter. But the witness answered that he didn’t know-anything about it, and volunteered that he had heard, there was some such thing. The judgment cannot.be. reversed for this uncalled-for speech. It does not constitute an error of law on the part of the judge.
A witness for defense testified that he had hung ■&; lamp at the excavation on the evening before the accident, and said, “I expect I removed it from half-pash four to five in the morning.” Defendant’s counsel then asked, “Is your recollection refreshed or your-attention called to that from any circumstance, any accident that happened there?” This question was-; excluded. The general rule is that there can be no corroboration until a necessity has been shown for it by an impeachment. If a witness remembers what he- tes *460 tifies to, that is all the party who calls him can have. The fact is before the jury that he has a recollection. Primarily, the cause of his having a recollection is not material. If the other side does not by cross-examination show that his recollection is not positive, it is presumed to be what he impliedly states it when he answers positively. Such a question as was asked might call out immaterial and trifling matter, tending to make a confusing and irrelevant issue. But on cross-examination the witness did state the cause of his having a distinct recollection that he hung out a lamp, and the defendant then obtained all that the excluded question (excepting the leading portion) could have obtained.
The question, ‘ ‘ Had you an opportunity of knowing the condition of O’Hagan and his wife at that time as to whether they were intoxicated or sober ? ” was properly excluded. The case shows that the defendant was allowed to examine all the facts that could be justly relied on to show opportunity of knowledge or to show intoxication. The question, if not illegal, was not material to the defense as only calling for the witness’ judgment as to his means of observation.
A witness (Smith) for the defense was asked by defendant’s counsel if Burns, a witness for plaintiff, had not in a conversation referred to the claim in this action. The answer was yes, and the next question called for what Burns said. This was properly excluded, for Burns had not been asked the alleged details, but only if he had had any such conversation. The next question was, “Did not Mr. Burns at that time say to you that he was a man of influence % ” This was also excluded. I do not think it was a proper subject of contradiction. If the question had been answered affirmatively, the jury could not properly have used it to lessen Burns’ credibility. It is, moreover, doubtful whether Burns had been asked if he said this in a conversation with Smith about the claim in this action.
*461 There were other exceptions that arose from certain questions put to Bailey, who had first been called as a witness by the defense. The case states that he was afterwards recalled by the-plaintiff, and his examination is headed by the words “direct examination,” but from the whole case it is evident that the questions were asked as on a further cross-examination.
The witness testified that he had not said to Burns that if he (Bailey) had the $10,000 that the defendant owed Mm he would not be a witness in the action, and that he did not say that the defendant had sent a telegram to him in New Jersey, and that he came expecting to get the debt, and instead of that a subpoena was served upon him.
Burns was afterwards called by plaintiff, and upon objection allowed to testify that Bailey had said the things which he denied saying.
The objection was that the subject of the alleged declarations was collateral, and the plaintiff was bound by the witness’ answers. This does not seem to me to be the law. All that goes to show the motives of a witness in testifying is relevant to the main issue. “ It is always competent to show the relations which exist between the witness and the party against, as well as the one for, whom he was called” (Newton v. Harris, 6 N. Y. 346, citing 1 Greenleaf Ev. 449-50).
In the present case, the plaintiff had a right to argue to the jury that the declaration showed that Bailey meant to conciliate the defendants by his appearing as a witness, and by his testimony, so that they would be the more inclined to pay-what they owed him. This is by no means a necessary conclusion, for that might not have been the fair meaning of what was said, but the plaintiff had a right to take the jury’s construction.
The last exception to be noticed is that the plaintiff was allowed to prove that during the afternoon before the accident the plaintiff and his wife were friendly and *462 did not quarrel. The defendants had given testimony to show that they had been quarreling immediately before the accident. Perhaps the plaintiff had a strict right to show that, so far as there were witnesses, no »quarrel had occurred within a short period of time before the quarreling alleged by the defendants. But if there were no such right, I cannot see that the answer could by any possibility have injured the defendants.
I am, therefore, of opinion that the judgment should be affirmed, with costs.
Speir and Freedman, JJ., concurred.